UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GULF COAST SUNSHINE
PROPERTIES, LLC,

    Plaintiff,

v.                          Case No: 2:18-cv-709-FtM-99CM

ECONOMY PREFERRED INSURANCE
COMPANY,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Economy Preferred Insurance Company's Motion to Dismiss, or in the Alternative, Motion to Abate Pending Completion of Appraisal (Doc. #10) filed on November 12, 2018. No response has been filed and the time to do so has expired. For the reasons set forth below, the Motion is granted to the extent that this matter is stayed pending appraisal.

**I.**

Plaintiff Gulf Coast Sunshine Properties, LLC ("Insured") originally filed this action in state court on September 18, 2018 before defendant Economy Preferred Insurance Company's removal on October 26, 2018. Plaintiff alleges one count for breach of contract with respect to a business owner's policy, Policy No. BP0000674P2017, issued by Economy Preferred (Doc. #10-2, the

"Policy"). Economy Preferred sent plaintiff a written demand for appraisal on November 9, 2019 (Doc. #10-1) and filed the Motion to Compel Appraisal (Doc. #10) shortly after removal.

On or about September 10, 2017, plaintiff's office building sustained damage due to Hurricane Irma in Lehigh Acres, Florida (the "Property"), which was insured by Economy Preferred. (Doc. #3, ¶ 6.) Plaintiffs submitted a claim to Economy Preferred for property damage. (Id., ¶ 7.) Economy Preferred does not deny coverage but disputes the amount of hurricane-related damage under the Policy.

Economy Preferred argues that it is entitled to appraisal because it is invoking its right to appraisal listed under the "Appraisal" clause of the Policy and under Florida law[1] an appraiser may determine the value of the loss so the parties can then allow the Court to resolve the coverage issues. The Policy's appraisal clause states:

. . .

**2. Appraisal**

> If we and you disagree on the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the amount of loss. If they fail to agree, they will submit their differences to an umpire. A decision

---

[1] In this diversity case, the Court applies Florida substantive law.

agreed to by any two will be binding.

   Each party will:

   **a.** Pay its chosen appraiser;

   **b.** Bear the other expenses of the appraisal and umpire equally. If there is an appraisal, we will still retain our right to deny the claim.

(Doc. #10-1, p. 38). Plaintiff has filed no objection to appraisal.

**II.**

Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. <u>Gonzalez v. Am. Sec. Ins. Co.</u>, No: 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. <u>Id.</u> (citations omitted); <u>Freeman v. American Integrity Ins. Co. of Florida</u>, 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." <u>Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.</u>, 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss and not coverage.

   Economy Preferred has stated that damages caused by Hurricane

Irma are covered but disputes the amount of damage. On the other hand, the Insured believes that the damage caused by Hurricane Irma is more extensive. Thus, because there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage is not exclusively a judicial decision and is appropriate for appraisal.

Accordingly, the appraisal requested by Economy Preferred is both mandated by the Policy and appropriate under the facts of the case. The case will be stayed while the appraisal is obtained.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Economy Preferred Insurance Company's Motion to Dismiss, or in the Alternative, Motion to Abate Pending Completion of Appraisal (Doc. #10) is **GRANTED** to the extent that the Court compels appraisal and will stay this case. The parties shall cooperate in expeditiously obtaining an appraisal in the manner proscribed by the appraisal clause of the subject insurance policy, and this case is **STAYED** pending further notification by the parties that the stay is due to be lifted.

2. The parties shall file a status report on or before **March 13, 2019** if the appraisal is not complete or a notification has not been filed by this date.

3. The Clerk shall terminate all deadlines, administratively close this case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of December, 2018.

_/s/ John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record